UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Joseph Henri Gorman

   v.                                        Civil No. 18-cv-889-LM
                                              Opinion No. 2020 DNH 016
Andrew Saul, Commissioner
U.S. Social Security Administration


**O R D E R**

Joseph Henri Gorman seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the decision of the Commissioner of the Social Security Administration denying his application for child's insurance benefits. Gorman moves to reverse the Commissioner's decision, and the Commissioner moves to affirm. For the reasons discussed below, the decision of the Commissioner is reversed and remanded.

**STANDARD OF REVIEW**

In reviewing the final decision of the Commissioner in a social security case,[1] the court "is limited to determining

---

[1] A person may be entitled to child's insurance benefits if he is older than eighteen and alleges a disability that began before he reached the age of twenty-two. 20 C.F.R. § 404.350(a)(5). When determining whether a claimant is disabled for purposes of receiving child's insurance benefits, the Administrative Law Judge ("ALJ") must apply the same five-step sequential process as he would in a claim for social security disability benefits. 20 C.F.R. § 404.1505(a); Grady v. Astrue, 894 F. Supp. 2d 131, 133 n.1 (D. Mass. 2012). Likewise, the district court applies the same standard of review under 42 U.S.C. § 405(g).

whether the ALJ deployed the proper legal standards and found facts upon the proper quantum of evidence." Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999); accord Seavey v. Barnhart, 276 F.3d 1, 9 (1st Cir. 2001). The court defers to the ALJ's factual findings if they are supported by substantial evidence. 42 U.S.C. § 405(g); see also Fischer v. Colvin, 831 F.3d 31, 34 (1st Cir. 2016). "Substantial evidence is more than a scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Astralis Condo. Ass'n v. Sec'y Dep't of Housing & Urban Dev., 620 F.3d 62, 66 (1st Cir. 2010).

In determining whether a claimant is disabled, the ALJ follows a five-step sequential analysis. 20 C.F.R. § 404.1520(a)(4). The claimant "has the burden of production and proof at the first four steps of the process." Freeman v. Barnhart, 274 F.3d 606, 608 (1st Cir. 2001). At the fifth step, the burden shifts to the Commissioner to provide "evidence of specific jobs in the national economy that the applicant can still perform. Id.

## BACKGROUND

A detailed view of the facts can be found in the parties' statements of material facts (docs. nos. 8-1, 9). The court provides a brief summary of the case here.

On September 4, 2013, Gorman filed an application for Disabled Adult Child's Benefits. Gorman alleged a disability onset date of September 1, 2013. He alleged a disability due to bipolar disorder, schizoaffective disorder, and post-traumatic stress disorder. See Administrative Record ("AR") at 99.

After Gorman's claim was denied, he requested a hearing before an ALJ. On August 31, 2015, ALJ Thomas Merrill held a hearing, during which Gorman, who was represented by a non-attorney representative, appeared and testified. Gorman's mother also testified.

On October 16, 2015, ALJ Merrill issued an unfavorable decision. He concluded at Step 2 of the sequential evaluation process that Gorman did not have a severe impairment. The ALJ gave strong weight to the January 2014 opinions of Joan Scanlon, Ph.D., a consultant psychologist, and Edward Martin, Ph.D., a state-agency psychologist. Dr. Scanlon, who examined Gorman, opined that Gorman did not have any severe limitations. Dr. Martin gave great weight to and agreed with Dr. Scanlon's analysis. AR at 92-93. The ALJ gave little weight to an opinion from Gorman's therapist in which the therapist found that Gorman had severe impairments. The ALJ also found that Gorman's testimony lacked credibility and that his mother's testimony lacked credibility. The ALJ terminated his analysis and found that Gorman was not disabled at Step 2.

3

The Appeals Council denied Gorman's request for review. Gorman then filed suit in this court, which granted an assented-to motion for remand. Gorman v. U.S. Soc. Sec. Admin., Acting Commissioner, Case No. 16-CV-532-JL (D.N.H.), ECF Nos. 10, 11. On remand, the Appeals Council vacated the ALJ's decision and remanded Gorman's claim to the same ALJ. The Appeals Council stated that the prior decision failed to consider relevant evidence in the record, specifically certain educational records and a teacher's questionnaire. The Appeals Council directed the ALJ to evaluate that evidence and to further evaluate Gorman's mental impairments.

After remand, the ALJ held a hearing on April 16, 2018, taking testimony from Gorman and a vocational expert. On June 13, 2018, the ALJ again found Gorman not disabled at Step 2 because his impairments were non-severe. The ALJ again gave great weight to the January 2014 opinions of Drs. Scanlon and Martin, which found no severe limitations. As to new medical evidence in the record post-dating the opinions of Drs. Scanlon and Martin, the ALJ stated: "Although additional treatment notes were admitted to the record after these opinions were rendered, these additional treatment notes do not document any meaningful change or deterioration in the claimant's presentation and these opinions remain consistent with the evidence of record in its

entirety." AR at 635. No further explanation was offered. This action followed.

**DISCUSSION**

Gorman raises three claims of error on appeal. He argues that the ALJ improperly determined that his mental impairments did not rise to the level of a severe impairment. He contends that "[t]he presiding ALJ was not properly appointed under the Constitution and, therefore, lacked legal authority to hear and decide" Gorman's case. Doc. 8-2 at 1. And he argues that the ALJ failed to properly address probative medical evidence in the record. The court addresses only Gorman's argument that the ALJ failed to properly address probative medical evidence in the record, and it reverses the Commissioner's decision on that ground.[2]

Gorman contends that the ALJ failed to set forth a proper analysis of the evidence in his decision and failed to specify the reasons upon which his analysis was based. Specifically, Gorman points to medical evidence from 2017 and 2018 that supports his argument that he has a severe impairment. This evidence includes quarterly reviews with treatment plans for

---

[2] Because the case will be remanded for further proceedings, the appointment challenge is moot. See Ulitsch v. Commissioner, No. 18-CV-694-JL, 2019 WL 4686776, at *5 (D.N.H. Sept. 26, 2019).

5

Gorman issued by the Greater Nashua Mental Health Center. Gorman asserts that this evidence "underscore[s] his treatment of individual therapy, psychiatric services, group therapy, and case management for this period," and his mental health problems and the goals set for decreasing his symptoms. Doc. 8-2 at 14. He notes that "[t]hese reports are longitudinal, covering a period of well over a year and showing that Mr. Gorman's depression, anxiety, and bipolar disorder have not improved despite treatment and medications." Id. Gorman contends that the ALJ failed to provide any analysis of this medical evidence.

The Commissioner responds, arguing that the ALJ was not required to explain the impact of this evidence. Instead, the Commissioner argues that the ALJ was only obligated to consider the new evidence, which he did. The Commissioner further argues that the opinions of Drs. Scanlon and Martin provide substantial evidence to support the ALJ's finding at Step 2.

Contrary to the Commissioner's argument, an opinion from a state-agency consultant cannot provide substantial evidence to support an ALJ's finding if the consultant's opinion is based on a record that is "significantly incomplete." Alcantara v. Astrue, 257 Fed. Appx. 333, 334-35 (1st Cir. Dec. 12, 2007); accord Guyette v. Berryhill, No. 17-CV-486-LM, 2019 WL 1199395, at *3 (D.N.H. Mar. 3, 2019). The record is significantly incomplete if later evidence shows a material change in the

claimant's limitations.  Giandomenico v. Soc. Sec. Admin., No. 16-CV-506-PB, 2017 WL 5484657, at *4 (D.N.H. Nov. 15, 2017). Critically, "[t]he ALJ bears the burden of determining and explaining whether missing evidence is material to assessing the claimant's limitations."  Blakely v. Saul, No. 18-CV-702-LM, 2019 WL 4668020, at *5 (D.N.H. Sept. 25, 2019).

Here, the ALJ premised his finding that there were no severe impairments on the conforming January 2014 opinions of the two medical experts, Drs. Scanlon and Martin, which he gave great weight.  The ALJ, however, failed to carry his burden to provide useful analysis about why he gave the opinions of Drs. Scanlon and Martin great weight despite the medical evidence post-dating their opinions.[3]  Instead, the ALJ offered only a conclusory statement that, in general, new treatment notes "do not document any meaningful change or deterioration in the claimant's presentation."  AR at 635.

"It is insufficient for the ALJ to simply state that the record was not materially changed.  Instead, the ALJ must make the absence of change adequately clear."  Blakely, 2019 WL 4668020, at *5 (citation omitted).  In the absence of an adequate explanation about why the record was not materially

---

[3] The new medical evidence relates directly to Gorman's mental health diagnoses, treatment, and prognosis, and, on its face, it could be construed as evidencing a material change in his limitations.

7

changed, the Commissioner's decision must be reversed, and the case remanded.  See Alcantara, 257 Fed. Appx. at 334-35.

## CONCLUSION

For the foregoing reasons, Gorman's motion to reverse (doc. no. 8) is granted.  The Commissioner's motion to affirm (doc. no. 10) is denied.  The case is remanded to the Commissioner under sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this decision.

The Clerk of Court is directed to enter judgment in accordance with this order and close the case.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

January 31, 2020

cc:  Counsel of Record